IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY ROBINSON,<br><br>    Petitioner,<br><br>    v.<br><br>BOBBI JO SALAMON, *Superintendent, SCI-Rockview*; and DISTRICT ATTORNEY OF ALLEGHENY COUNTY,<br><br>    Respondents. | Civil Action No. 21-1320<br><br>Judge W. Scott Hardy<br>Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

Before the Court is the *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed by Petitioner Troy Robinson ("Petitioner" or "Robinson") (Docket No. 3), the Report and Recommendation ("R&R") entered by Magistrate Judge Cynthia Reed Eddy recommending denial of the petition and certificates of appealability (Docket No. 14), and Petitioner's *pro se* Objections to the R&R (Docket No. 18).[1] The matter is ripe for disposition and, as explained herein, the Court will adopt the R&R as its opinion, dismiss the Petition without an evidentiary hearing, and deny certificates of appealability.

In his petition for writ of habeas corpus, Robinson challenges the sentence entered by the Allegheny County Court of Common Pleas, Criminal No. CP-02-CR-07055-2010. In that case, Robinson was convicted of first-degree murder and was sentenced to mandatory life imprisonment without the possibility of parole. Robinson challenges the State court judgment effecting his

---

[1]     Robinson's Objections were timely filed: at the time that the Magistrate Judge filed the R&R, Robinson was given a deadline of June 21, 2023, to file any objections, and Robinson's time to object was thereafter extended until July 21, 2023. (Docket No. 17). Robinson filed his objections on June 23, 2023. (Docket No. 18). Shortly thereafter, Robinson attempted to appeal the R&R to the United States Court of Appeals for the Third Circuit (Docket Nos. 20-22), but because the R&R is not a final appealable decision under 28 U.S.C. § 1291 the Third Circuit dismissed the appeal for lack of jurisdiction. (Docket No. 23).

confinement and argues under 28 U.S.C. § 2254 that he is in custody in violation of the United States Constitution. Specifically, Robinson's petition contains four claims. *First*, Robinson alleges his trial counsel was ineffective in failing to call Robert Young—a witness at Robinson's first trial—as a witness at Robinson's retrial. *Second*, Robinson alleges his trial counsel was ineffective by failing to object to the declaration of a mistrial in Robinson's first trial insofar as his attorney failed to: (i) object to the declaration of a mistrial; (ii) request that the jury be instructed to proceed to consider a lesser charge of third-degree murder; and (iii) assert that retrial violated the Double Jeopardy Clause. *Third*, Robinson alleges that his attorney on direct appeal was ineffective insofar as appellate counsel failed to preserve a challenge to a jury instruction that they could consider whether Robinson carried an *unlicensed* firearm as circumstantial evidence of his intent on the murder charge. *Fourth*, Robinson alleges the trial court undermined his due process by denying his pre-retrial motion for substitution of counsel, especially without inquiry into the basis or bases of the motion in an *ex parte* proceeding. Robinson alternatively describes this as a failure of his trial counsel to ask for an *ex parte* proceeding to explain the reasons for the motion without compromising privileged communications.

Addressing these claims in the R&R, Magistrate Judge Eddy applied the standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), pursuant to which when "the state court has adjudicated the merits of a petitioner's habeas claims, federal habeas relief is available only if the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Becker v. Sec'y Pennsylvania Dep't of Corr.*, 28 F.4th 459, 460 (3d Cir. 2022) (quoting 28 U.S.C. § 2254(d)). Applying this standard, Magistrate Judge Eddy

recommended that Robinson's petition be denied. Pursuant to Fed. R. Civ. P. 72(b), Robinson filed written objections to the R&R.

Objections trigger *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is authorized to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and the Court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3) (*Resolving Objections*). Robinson raises four objections to the R&R. Respondents did not file a response thereto. In keeping with the courts' policy of liberally construing *pro se* filings, *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010), the Court construes Robinson's objections to the R&R liberally.

***Objection No. 1: regarding Robinson's first claim of ineffective assistance of trial counsel for failure to call Robert Young as a witness.***

Regarding this first claim, Magistrate Judge Eddy determined that this claim was raised in Robinson's Amended Post Conviction Relief Act ("PCRA") petition, but not in Robinson's appeal of the PCRA court's decision on the petition to the Pennsylvania Superior Court. (R&R at 10). The claim having thus been defaulted, *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) ("[F]ederal courts refrain from addressing the merits of any claim raised by a habeas petitioner that was not properly exhausted in state court."), Magistrate Judge Eddy considered whether she could nonetheless consider the claim pursuant to an exception to default. (R&R at 11). A petitioner for habeas whose claim is procedurally defaulted may nonetheless have his claim considered by a federal court if he can establish either "cause and prejudice" or a "fundamental miscarriage of justice" that excuses default. *Lines*, 208 F.3d at 160. Magistrate Judge Eddy found that Robinson neither argues cause and prejudice nor miscarriage of justice, *i.e.*, actual innocence.

3

(R&R at 11-12). Accordingly, she found that Robinson's first claim is procedurally defaulted and foreclosed from habeas review. (*Id.*).

Robinson objects to that conclusion. He concedes that the claim "was not raised in the Superior Court so it should be technically procedurally defaulted." (Docket No. 18 at 2). However, liberally construing the objection, Robinson appears to argue that default is excused for cause and prejudice and/or fundamental miscarriage of justice because "when counsel called Robert Young" at Robinson's first trial he "was not found guilty," but when "counsel failed to call Robert Young" despite Robinson's request to have him testify, Robinson was "found guilty of the murder in the first degree." (*Id.* at 3).

Having considered this objection and the record, the Court concludes that there was no prejudice nor a fundamental miscarriage of justice that would excuse procedural default of this claim. In his petition, Robinson argues that his trial counsel's failure to call Robert Young as a witness at his retrial prejudiced him because Robert Young testified at the first trial that he saw two men running from the scene of the shooting: one unidentified man running past his house and another running down a flight of city steps. (Docket No. 3 at 17). Robinson argues that this testimony was essential to his defense of mistaken identification. (*Id.*). Deciding Robinson's direct appeal from his conviction and sentence, the Superior Court of Pennsylvania affirmed the conviction against Robinson's sufficiency of the evidence challenge based on the following evidence: Robinson's girlfriend testified that Robinson harbored animosity toward the victim from an altercation fewer than two weeks before the shooting; Robinson was observed making threats against the victim the night he was killed; Robinson and the victim were seen leaving a bar together and individuals waiting to give Robinson a ride from the bar heard Robinson and the victim intensely argue shortly before there were gunshots; and a witness observed Robinson fleeing the

scene while attempting to conceal a handgun. (Docket No. 9-1 at 204-05). In light of such evidence, the Court detects no prejudice or fundamental miscarriage of justice that could excuse procedural default of Robinson's first claim, and the Court adopts the recommendation of Magistrate Judge Eddy that the claim is procedurally defaulted.

***Objection No. 2: regarding Robinson's second claim of ineffective assistance of trial counsel for failure to object to declaration of a mistrial and failure to ask the trial court to instruct the jury to consider the third-degree murder charge when the jury became deadlocked.***

Regarding this second claim, Magistrate Judge Eddy determined that Robinson exhausted this claim and its subparts before the PCRA court and the Superior Court on the merits. (R&R at 12). Accordingly, Magistrate Judge Eddy considered whether the Pennsylvania Superior Court's adjudication of this claim was contrary to or involved an unreasonable application of clearly established federal law with respect to ineffective assistance of counsel claims. 28 U.S.C. § 2254(d).

Reviewing the Superior Court's decision, Magistrate Judge Eddy determined that the court applied clearly established federal law regarding ineffective assistance of counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), and further determined that the Superior Court's adjudication was neither contrary to that law nor involved an unreasonable application of it. (R&R at 13-14). In making that determination, Magistrate Judge Eddy evaluated the Superior Court's decision on Robinson's ineffective assistance claim "through the deferential lens of AEDPA." (*Id.* at 14); *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings."). Robinson's objection to this conclusion is a restatement of his claim. (Docket No. 18 at 3).

5

This Court adopts Magistrate Judge Eddy's analysis on the claim in its entirety. To show counsel is ineffective, an individual must prove that his or her counsel's performance fell below an objective standard of reasonableness and that the errors were so serious that they prejudiced their client. *Williams v. Superintendent Greene SCI*, 112 F.4th 155, 167 (3d Cir. 2024) (discussing *Strickland*, 466 U.S. at 687). As the Superior Court explained, under existing Pennsylvania law, the trial court's progression charge in Robinson's first trial was proper. (Docket No. 9-1 at 551-52). *See, e.g.*, *Commonwealth v. Hart*, 565 A.2d 1212, 1216, 1220 (Pa. Super. Ct. 1989) ("[A]s a general rule, a progression charge is proper where the defendant is charged with different forms or degrees of the same crime."). Because the charge was proper, *i.e.*, it was not improper for the trial court not to instruct the jury that they could deliberate on the third-degree murder charge if they were deadlocked on the first-degree murder charge, it was not objectively unreasonable for trial counsel to fail to advocate for an instruction that the jury deliberate on the lesser charge. (*See* Docket No. 9-1 at 550). Because the progression charge was appropriate under existing Pennsylvania law, it follows that the trial court properly declared mistrial when it was clear that the jury was hopelessly deadlocked, and trial counsel was not objectively unreasonable in failing to object to the mistrial or to the retrial. (*See id.* at 551). Magistrate Judge Eddy correctly determined that the Superior Court's resolution of this ineffective assistance claim was not unreasonable and the Court adopts her conclusion.

***Objection No. 3: regarding Robinson's third claim of ineffective assistance of appellate counsel for not preserving a challenge to the jury instruction that carrying a firearm without a license may constitute circumstantial evidence of intent to commit murder***.

Magistrate Judge Eddy determined that this claim was exhausted but that the Superior Court did not err in deciding it lacked merit where appellate counsel would not be found ineffective

6

for failing to advance a change in law where the jury instruction in question was appropriate under Pennsylvania law.  (R&R at 16).

In his objections, Robinson argues that he was prejudiced at trial by his counsel's failure to argue that it was error to instruct the jury that carrying a firearm without a license could be relevant to intent for first degree murder.  (Docket No. 18 at 3).  He reiterates the general contours of this issue, arguing that his counsel's performance fell below the *Strickland* objective reasonableness standard.  (*Id.*).  However, the Court finds no merit in this objection.  Magistrate Judge Eddy correctly states in her R&R that appellate counsel are not expected to, and indeed should not, "raise every non-frivolous claim but rather may select among them in order to maximize the likelihood of success on appeal."  *Showers v. Beard*, 635 F.3d 625, 634 (3d Cir. 2011) (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

Because appellate counsel can be effective without raising every possible issue, an appellate attorney's omission of an issue may constitute ineffective assistance if the "omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal" or, for a meritorious but not compelling issue, ineffectiveness might be shown by comparison of the issue "relative to the rest of the appeal."  *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).  There's a "strong presumption" of counsel's effectiveness.  *United States v. Scripps*, 961 F.3d 626, 634 (3d Cir. 2020).  And failing to anticipate or advocate for a change of existing law does not constitute ineffectiveness of counsel.  *Stoner v. United States*, No. 1:16-CR-00357-1, 2021 WL 3472385, at *5 (M.D. Pa. Aug. 6, 2021) ("Furthermore, the Third Circuit has advised that 'failing to predict a change in the law is not deficient performance.'" (citing *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015))).  Under Pennsylvania law, it is permissible for a jury to draw an inference of specific intent to kill from a defendant's use of an

unlicensed firearm. *Commonwealth v. Jones*, 292 A.3d 1107 (Pa. Super. Ct. 2023) ("Indeed, the simple fact that Appellant was 'illegally armed' with a firearm on the night in question is indicative of his specific intent to kill as a matter of law."). Accordingly, the Superior Court's determination that appellate counsel was not ineffective for failure to challenge an instruction that was consistent with good law was, as Magistrate Judge Eddy explained, not an incorrect or unreasonable legal determination. (R&R at 17). Accordingly, the Court adopts Magistrate Judge Eddy's conclusion with respect to this claim over Robinson's objection.

### *Objection No. 4: regarding Robinson's fourth claim of trial court error in denying motion for substitution of counsel and/or ineffective assistance of counsel claim for trial counsel's failure to request an* **ex parte** *proceeding.*

Regarding this last claim that Robinson raises in his petition for a writ of habeas corpus, Magistrate Judge Eddy recounted that the Superior Court determined Robinson had waived a claim of trial court error by failing to raise it on direct appeal. (R&R at 17). The PCRA court had determined that the issue was waived pursuant to 42 Pa. C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."). The Superior Court agreed with that determination. (R&R at 18).

Magistrate Judge Eddy explained that because the state court dismissed this claim as waived pursuant to Section 9544(b), it is not subject to the federal courts' habeas review because dismissal pursuant to Section 9544(b) is an independent and adequate ground under state law supporting the decision. *See Patton v. Superintendent Graterford SCI*, No. 17-2142, 2017 WL 5624266, at *1 (3d Cir. Sept. 28, 2017) ("Jurists of reason would also not disagree that Patton's remaining claims are procedurally defaulted as the state court's reliance on 42 Pa. Cons. Stat. § 9544(b) provides an independent and adequate ground to support the judgment."); *see also*

*Coleman v. Thompson*, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. This rule applies whether the state law ground is substantive or procedural.") (citations omitted). As Magistrate Judge Eddy noted, Robinson could overcome procedural default were he able to show cause for default and actual prejudice *or* that failure to consider his claim would result in a "fundamental miscarriage of justice." (R&R at 18 (quoting *Coleman*, 501 U.S. at 750)). Magistrate Judge Eddy found no such grounds to excuse default, (R&R at 19), and Magistrate Judge Eddy further determined that, to the extent Robinson seeks to raise a trial counsel ineffectiveness claim, such claim had been denied on the merits by the Superior Court because there was no indicia in the record that Robinson's trial outcome would have been different if his trial counsel had asked for an *ex parte* conversation; accordingly, there was no reason to deviate from that determination under the deferential standard of review of AEDPA. (*Id.*).

  Robinson objects to these determinations with respect to this fourth and final claim, arguing that his trial counsel "did not [have] his best interest at heart and when you look at the First Degree Murder verdict that [he] received, then his feelings were warranted." (Docket No. 18 at 4). Robinson argues that there was clearly a miscarriage of justice where at his first trial when he and his trial attorney were "on the same page" he was not convicted of first-degree murder, but at his second trial where he and his attorney "had a conflict" he was convicted of first-degree murder. (*Id.*). However, the correlation Robinson draws between his relationship with his trial counsel and his outcomes does not suffice to establish cause for his procedural default and actual prejudice—*i.e.*, "that the" alleged "error worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *R.R. v. Beard*, No. CIV.A. 09 - 1102, 2015 WL

5730784, at *19 (W.D. Pa. Sept. 30, 2015) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)). Nor does he point to evidence that would support an argument that failure to consider the merits of this claim would result in a "fundamental miscarriage of justice" on account of there being evidence of innocence. *Id.* at n.11. Accordingly, the Court adopts the R&R with respect to Robinson's fourth claim.[2]

Furthermore, regarding the recommendation that a certificate(s) of appealability should be denied, the Court finds that jurists of reason would not debate whether each of Robinson's claims should be denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability will be denied as to each of Robinson's claims. This does not prevent Robinson from appealing the order denying his petition for a writ of habeas corpus if he seeks and is able to obtain a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b)(1), (2).

For all the foregoing reasons and after *de novo* review of the record, together with the R&R and objections thereto, and in the exercise of sound judicial discretion, the Court enters the following Order:

AND NOW, this 2nd day of January 2025,

IT IS HEREBY ORDERED that:

1. Robinson's Objections (Docket No. 18) are **overruled**;
2. The R&R (Docket No. 14) is **adopted** and Robinson's Petition for Writ of Habeas Corpus (Docket No. 3) is accordingly **denied**; and,

---

[2] In his Objections, Robinson asks the Court to grant his petition "or, alternatively, to hold an evidentiary hearing." (Docket No. 18 at 4). Robinson provides no argument whatsoever for his alternative request; therefore, the Court will rule on the petition without an evidentiary hearing.

    3. A certificate of appealability is **denied** because reasonable jurists would not find the denial of the petition debatable.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Dated: January 2, 2025

cc/ecf: All counsel of record

    TROY ROBINSON **via U.S. certified mail**
    JQ-0386
    SCI – Rockview
    P.O. Box A
    1 Rockview Place
    Bellefonte, PA 16823